
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDEEP SINGH, | No.    15-70521 |
| Petitioner, | Agency No. A200-945-524 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019[**]
San Francisco, California

Before:  THOMAS, Chief Judge, IKUTA, Circuit Judge, and MOLLOY,[***] District
Judge.

Amandeep Singh petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

The BIA's determination that Singh did not testify credibly is supported by substantial evidence. Singh does not dispute that he testified inconsistently regarding whether he was present at the meeting with Karam Bir Singh on May 13, 2009. The inconsistency was not minor, *cf. Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011); rather, it implicated key facts underlying Singh's asylum claims. Nor does the inconsistency reflect "the normal limits of human understanding and memory," *id.* at 1085, as Singh affirmatively testified about statements he claimed to have made during the May 13 meeting, then denied having even been present at that meeting. Singh had an opportunity to explain his inconsistent testimony, but the IJ could reasonably reject Singh's various explanations that he might have been mistaken, did not understand the question, and conflated the May 2009 meeting with one in December 2009. "[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088–89 (9th Cir. 2011). The IJ's adverse credibility determination did not rest on improper speculation and conjecture but on the observation that Singh changed his testimony when challenged on cross-examination that his declaration did not mention a threat against him in May

2

2009. Based on this observation, the IJ could reasonably conclude that Singh changed his story in order to conform his testimony to his declaration. Without Singh's credible testimony, there is insufficient evidence in the record for Singh to meet his burden of proving eligibility for asylum, withholding of removal, or relief under CAT.

**PETITION DENIED.**